**Ronald HELLER, Plaintiff-Appellant,**

v.

**Craig BUSHEY, et al.,
Defendants-Appellees.**

No. 82–6028.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted
Jan. 7, 1985.

Decided May 1, 1985.

Stephen Yagman, Marion R. Yagman, Yagman & Yagman, P.C., Los Angeles, Cal., for plaintiff-appellant.

Katherine Hamilton, Thomas C. Hokinson, Los Angeles, Cal., for defendants-appellees.

Before SNEED, POOLE, and FERGUSON, Circuit Judges.

SNEED, Circuit Judge:

This is an appeal from judgments entered in a bifurcated trial brought under 42 U.S.C. § 1983 (1982) for alleged constitutional deprivations suffered by the plaintiff, Ronald Heller, during his arrest by defendant Los Angeles police officer Craig Bushey. Heller filed his action against the arresting police officers, various Los Angeles government officials, and the City of Los Angeles. The individual government officials were dismissed from the case, and the Los Angeles Board of Police Commissioners and the Los Angeles Police Department were joined in their stead. The trial was divided so as to first try claims brought against police officer Bushey and thereafter to try claims raised against the municipal defendants. The jury returned a general verdict for Officer Bushey. The district court then dismissed the action against the municipal entities and entered judgment in their favor.

Heller does not challenge the verdict and consequent judgment in favor of Officer Bushey. He does appeal the district court's substitution of the Los Angeles Board of Police Commissioners and the Los Angeles Police Department for the individual defendants and the judgment dismissing his action against the municipal defendants.

We reverse the district court's dismissal of the individual defendants and the substitution of the Board of Police Commissioners and the Police Department in their stead. We also reverse the judgment dismissing claims against the municipal defendants and remand the case for further proceedings.

I

FACTS AND PROCEEDINGS BELOW

On June 10, 1980, two Los Angeles police officers, Craig Bushey and Calvin Brasher, stopped Heller on suspicion of driving while intoxicated. The officers administered a series of field sobriety tests. Apparently dissatisfied with the results, the officers decided to take Heller to the sta-

tion to undergo a breath test. When notified that he was under arrest, however, Heller became belligerent. One of the defendants, Officer Bushey, attempted to handcuff him. An altercation ensued. In the course of the struggle, Heller fell through a plate glass window.

Heller brought an action based on 42 U.S.C. § 1983 against both arresting police officers, Chief Daryl Gates of the Los Angeles Police Department, Los Angeles Mayor Tom Bradley, individual members of the Los Angeles Board of Police Commissioners, and the City of Los Angeles. In pretrial proceedings, Officer Brasher, Mayor Bradley, Chief Gates, and the individual members of the Board of Police Commissioners were dismissed from the action. The Los Angeles Board of Police Commissioners and the Los Angeles Police Department were substituted as defendants in place of the dismissed officials.

Without explanation appearing on the record, the district court, as already indicated, bifurcated the trial with the intention of first trying the claims raised against police officer Bushey and thereafter proceeding, if necessary, to the disposition of claims brought against the City, the Police Department, and the Board of Police Commissioners. This bifurcation entailed no specific division of issues between the two phases of the proceedings.

Heller's claim against Officer Bushey rested on the assertion that Heller's Fourth and Fourteenth Amendment rights were violated by his arrest without reasonable cause and by the use of excessive force in effecting the arrest. As against the municipal entities, Heller contended, as required by the rule in *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978), that they also were liable because Bushey acted in accordance with a police department policy or custom that condoned the use of excessive force by Los Angeles police officers.

After the trial against Bushey alone, the jury returned a general verdict against

Heller and in favor of Bushey. Concluding that this verdict precluded Heller's theory of liability against the government entities, the district court did not allow Heller to present his case based on *Monell*. On its own motion, the district court dismissed Heller's claims against the remaining defendants.

## II

## DISCUSSION

### A. *Dismissal of the* Monell *Claim*

■ The district court's dismissal of the claims against the municipal defendants raises a question of law, which is reviewable *de novo*. *See Guillory v. County of Orange*, 731 F.2d 1379, 1381 (9th Cir.1984).

Appellees contend that the jury's verdict constituted a finding that Heller suffered no deprivation cognizable under section 1983. If Heller suffered no injury, they argue, neither the City nor its agencies are liable to him, without regard to the nature of their policies. Were these policies unassailable on constitutional grounds, Heller, of course, would have no claim against the City or its agencies. Were they assailable on constitutional grounds, Heller, having suffered no injury, would lack standing to sue. No "case or controversy" within the meaning of Article III would exist. *See generally* 13 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* §§ 3531, 3531.4 (1984) (constitutional standing requires injury in fact).

■ Heller, while not challenging these principles, contends that the jury verdict does not constitute a finding that he suffered no injury to his constitutional rights. It follows, he continues, that there is a "case or controversy" entitling him to challenge the policies of the City and its agencies. His position rests on the contention that the jury could have believed that Bushey, having followed Police Department regulations, was entitled in substance to a defense of good faith.[1] Such a belief

---

1. All government officials enjoy a qualified,     good faith immunity from liability under sec-

would not negate the existence of a constitutional injury.

We believe there is merit in Heller's position. To establish the liability of individual defendants under section 1983, a plaintiff must show, first, that he was deprived of an interest protected by the Constitution or laws of the United States and, second, that the defendants caused the deprivation while acting under color of state law. 42 U.S.C. § 1983 (1982); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir.1981). There is no dispute that police officer Bushey acted under color of state law when he arrested Heller.[2] The jury, in substance, was instructed that Heller was deprived of liberty without due process if he was arrested without reasonable cause. The jurors were further instructed that Heller's constitutional rights were violated if he was arrested with "unreasonable force" that exceeded the force necessary under the circumstances to effect arrest. The jury's verdict for the defendant therefore embodies a finding that Heller was arrested for reasonable cause *and* that the amount of force used was not unreasonable or excessive.[3] The difficulty is that the conclusion that the force was reasonable could have been derived either from Police Department regulations, which incorporate a theory of "escalating force," or from a constitutional standard entirely independent of such regulations. We cannot say which with assurance.

The appellant insists that this uncertainty entitled him to proceed against the government entities in accordance with *Mo-*

*nell v. Department of Social Services.* So long as the jurors used the Police Department "escalating force" policy to establish the reasonableness of the force that was used, the appellant's suit should not be dismissed in its entirety without a determination of the reasonableness of that policy. The transcript of the trial suggests that the jury could have used Department policy in that way.

During the trial, substantial testimony was presented demonstrating that Officer Bushey followed the "escalating force" policy of the Police Department when arresting Heller. The transcript reveals that Officer Bushey used increasing amounts of force in an effort to restrain Heller and attempted to apply a choke hold to Heller before Heller fell through the plate glass window. The transcript also indicates that Police Department regulations authorized use of the choke hold in such situations.

The jury was not instructed on its use of this testimony in its deliberations. Since the jury instructions defined permissible force as the force necessary to effect arrest in light of "all the surrounding circumstances," we believe the jurors could have considered Officer Bushey's compliance with the policy as an indication of either the reasonableness of Bushey's use of force or the existence of immunity based on good faith.

We must conclude that the general verdict does not foreclose a finding that Heller suffered a constitutional deprivation. Hel-

---

tion 1983 if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *accord Harris v. City of Roseburg,* 664 F.2d 1121, 1127–28 (9th Cir.1981). Good faith is an affirmative defense which the police officer must prove. *Id.*

**2.** *See* Jury Instructions, 7 Reporter's Transcript 813 ("[T]here is no dispute in this case that the defendant Craig Bushey was a police officer of the City of Los Angeles at the time of this

incident in that he was acting under the color of the authority of the State of California ....").

**3.** *See id.* at 816. ("[I]f you find ... that the plaintiff has proved his claim that he was arrested without due process of law or that he was subjected to an excessive force in being placed under arrest, your verdict will be for the plaintiff and against the defendant."). Because the instructions required a verdict for Heller if *either* the due process *or* the excessive force claim was found, the jury's verdict for the defendant required a negative finding on both claims.

ler's *Monell* claim survived the general verdict. Dismissal of the City defendants was, therefore, improper. The jury verdict, of course, conclusively determined that there was probable cause to arrest Heller. On the other hand, it is equally clear that whether the application of force in accordance with Police Department regulations in this case exceeded constitutional limits has not been determined. Beyond this, we are not prepared to express an opinion regarding the scope of any doctrine of issue preclusion.

B. *Dismissal of the Individual Officials and Substitution of the Board of Police Commissioners and the Police Department*

The district court granted the defendants' motion for summary judgment, dismissing from Heller's action Mayor Bradley, Police Chief Gates, and individual members of the Los Angeles Board of Police Commissioners. The Los Angeles Police Department and Board of Police Commissioners were then joined as defendants with the City of Los Angeles. On appeal, Heller challenges the propriety of the district court's dismissal and the substitution of defendants.

■ The dismissal of the individual defendants by summary judgment is subject to *de novo* review on appeal. *Allen v. A.H. Robins Co.*, 752 F.2d 1365, 1368 (9th Cir. 1985). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

■ Government officials may be held personally liable in actions under section 1983 for acts conducted in their official capacities, *Scheuer v. Rhodes*, 416 U.S. 232, 237–38, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974), that authorize or approve unconstitutional conduct, *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976). To establish individ-

ual liability, the plaintiff must demonstrate an "affirmative link between the occurrence of the various incidents of police misconduct and the adoption of any plan or policy ... showing their authorization or approval of such misconduct." *Id.* However, government officials acting in their official capacities are protected by the good faith defense. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Scheuer*, 416 U.S. at 247–48, 94 S.Ct. at 1692; *Cinevision Corp. v. City of Burbank*, 745 F.2d 560, 577–78 (9th Cir. 1984).

In his first amended complaint, Heller alleged that his constitutional injuries were caused by customs or policies to hire individuals with "vicious propensities" as Los Angeles police officers, and by customs or policies that authorized the challenged actions in his arrest.

In granting the individual defendants' motion for summary judgment, the trial court determined that only those individuals who were in office at the time of the trial were suitable defendants with regard to allegations of individual liability.[4] The court also concluded that it would be proper to substitute the Los Angeles Board of Police Commissioners, as a policy-making body, and the Los Angeles Police Department for the individual municipal officials.[5]

■ These conclusions were unjustified. The proper individual defendants in this action are those officials who were in office before or at the time Heller was arrested and who may have adopted a plan or policy authorizing or approving the alleged unconstitutional conduct. *See Rizzo*, 423 U.S. at 371, 96 S.Ct. at 604. We do not determine whether the individual defendants satisfy the requirements under *Rizzo*. That determination must be made by the district court. The record, at present, does not indicate which, if any, of the individuals

4. *See* 2 Reporter's Transcript 19–21.

5. *Id.*

named as defendants may meet this criterium. Thus, as to Heller's claim that he was injured as a result of the policies or customs authorized or approved by the named individual officials, it follows that the record does not disclose a proper basis for the dismissal of those defendants on summary judgment.

Having dismissed the individual officials as defendants, the trial court permitted Heller to amend his complaint *nunc pro tunc* to substitute in their place the Los Angeles Board of Police Commissioners and the Los Angeles Police Department. Because we hold that the dismissal of the individual officials was improper, the need for the substitution no longer exists. Since the City of Los Angeles was already a defendant in this action, the joinder of its agencies, the Board and the Police Department, was also unnecessary. We therefore reverse the addition of the Board and Police Department as parties to the present action.

### III

### CONCLUSION

The dismissal of all the individual officials on summary judgment and the substitution of the Board of Police Commissioners and Police Department was improper with regard to Heller's claims that his injuries were caused by a policy or custom promulgated by certain officials in their official capacities.

The dismissal of the *Monell* claims against the City of Los Angeles and the claims against all individual officials was in error. The jury verdict for Officer Bushey in the first proceeding does not require such a result. It does not preclude the claims against individual officials or the *Monell* claims against the City.

We therefore reverse, and this action is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.