120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramon GARCIA-MADRIGAL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70175.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
Decided July 24, 1997.
 
 MEMORANDUM*
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 Petitioner Ramon Garcia-Madrigal is a 31-year-old Mexican national who entered the United States without inspection in 1986. He subsequently was granted lawful permanent resident status as a Special Agricultural Worker in 1990. After convictions for petty theft and second degree burglary, the Immigration and Naturalization Service commenced deportation proceedings against him.
 
 
 2
 Garcia-Madrigal sought a discretionary waiver of deportation pursuant to 8 U.S.C. § 1182(c). The Immigration Judge denied Garcia-Madrigal's application. Garcia-Madrigal appealed his denial to the Board of Immigration Appeals ("BIA"). The BIA affirmed the denial. Garcia-Madrigal petitions us for review pro se. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition.
 
 
 3
 * Because the government did not appoint counsel for him, Garcia-Madrigal argues that he was deprived of due process. Aliens have no right to appointed counsel at their deportation hearing. U.S. v. Cerda-Pena, 759 F.2d 1374, 1376 n. 2 (9th Cir.1986).
 
 II
 
 4
 Because Garcia-Madrigal appeals pro se, we read his papers liberally. See Masiano v. Wechsler, 940 F.2d 499, 501 n. 2 (9th Cir.1991). To the extent that his petition addresses the merits of the BIA's denial of a discretionary waiver of deportation pursuant to § 1182(c), we review the BIA's decision for abuse of discretion. Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). We may set aside the BIA's denial "only if the Board failed to support its conclusions with a reasoned explanation based upon legitimate concerns." Id.
 
 
 5
 The BIA considered the equities favoring Garcia-Madrigal, including his family ties, employment record and length of residence. The BIA balanced these factors against Garcia-Madrigal's criminal history, past incidents of domestic violence, and drug use. In light of our deferential review, we cannot say that the BIA abused its discretion.
 
 PETITION DENIED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. The government's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3