**Rudyard Sidney BAXTER**

v.

**Lieutenant Gregory K. LEWIS et al.**

**Civ. A. No. 76–0061(H).**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Oct. 19, 1976.

Patrick A. O'Hare, Asst. Atty. Gen., Richmond, Va., for respondents.

Rudyard Baxter, pro se.

OPINION and JUDGMENT

DALTON, District Judge.

Rudyard S. Baxter, a prisoner at White Post Correctional Unit # 7 has filed this *pro se* suit against Gregory K. Lewis, a Lieutenant and Assistant Superintendent at White Post Correctional Unit # 7, and others at Unit # 7. The petitioner has been allowed to proceed *in forma pauperis* and his complaint has been considered as a motion for monetary and injunctive relief pursuant to 42 U.S.C. § 1983 with jurisdiction of this court pursuant to 28 U.S.C. § 1343(3), (4). Respondents have filed a motion for summary judgment accompanied by a supporting affidavit with enclosures concerning petitioner's Institutional Adjustment Committee (I.A.C.) hearings. In response to this court's notification of his right to submit counter-affidavits or other relevant evidence, petitioner has filed a counter-affidavit. The case is now ripe for disposition on respondents' motion for summary judgment.

In his complaint petitioner makes the following allegations: 1) that he has been falsely imprisoned in violation of the Eighth and Fourteenth Amendment as the result of procedural defects during three Institutional Adjustment Committee (I.A.C.) hearings; 2) that respondents are harassing him and have conspired to falsify his institutional record and murder him; 3) that blacks are discriminated against both in the charging of violations and sentencing after I.A.C. hearings; 4) that petitioner has been forced to work in a "gun-man" status while he is in trusty status.

Petitioner's first allegation concerning false imprisonment revolves around alleged procedural defects in three I.A.C. hearings. At the first hearing in question, conducted December 16, 1975, petitioner was found guilty of using vulgar and abusive language. He complains that this hearing was defective because both his request for assistance of counsel and his request for a particular witness were denied. By way of affidavit and a copy of the I.A.C. report of this hearing, respondents state that peti-

tioner did not request either assistance of counsel or appearance of any witnesses. Furthermore, respondent avers that petitioner refused to sign or note receipt of a statement notifying him of his rights. Lieutenant Lewis states in his affidavit that no notation of petitioner's two alleged requests could have been made since petitioner refused to make any statements or sign the report. The I.A.C. report indicates that petitioner was found guilty on the basis of his own admission and the testimony of the reporting officer.

At the second hearing in question, conducted June 15, 1976, petitioner was found guilty of disruptive behavior. He complains that this hearing was defective because he was not allowed to have a fellow inmate, D. Carroll, as a witness. Respondent states by way of affidavit and a copy of the I.A.C. report that petitioner once again refused to sign a request noting his alleged desire to either employ counsel or call witnesses. However, respondent admits that petitioner did verbally request the appearance of D. Carroll as a witness. Respondent states that this request was denied because Carroll was in solitary confinement. Consequently, respondent alleges that Carroll was excluded for security reasons and a desire to maintain order. Petitioner disagrees with this reasoning but does admit that Carroll was in solitary confinement.

At the final hearing in question, conducted July 8, 1976, petitioner was found guilty of disruptive behavior again. He claims that this hearing was defective because he was not allowed to have a fellow inmate, Scofield, as a witness. Respondent states by way of affidavit and a copy of the I.A.C. report, that petitioner once again refused to sign an acknowledgment of his rights but did verbally request that he be allowed to retain an attorney and the presence of a witness, foreman Housenflunk. The I.A.C. report reveals that the hearing was delayed almost eight days and that his attorney failed to appear on the rescheduled hearing date. Also, the foreman was on vacation so he could not be present as a witness. The

I.A.C. report does not mention a refusal to allow Scofield as a witness but does state that petitioner was offered other witnesses which he refused.

■ The Supreme Court held in *Wolff v. McDonnell*, 418 U.S. 539, 570, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) that a prisoner has no constitutional right to either retained or appointed counsel in prison disciplinary hearings. Consequently, petitioner's allegation concerning a denial of counsel during his first hearing is clearly without merit. Petitioner also alleges that each of these hearings were procedurally defective because he was denied a particular witness. The Supreme Court held in *Wolff v. McDonnell, supra* at 566, 94 S.Ct. at 2979 that, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." However, the Court notes that "the unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution." *Ibid.* Consequently, the right to call witnesses, like other Due Process rights is circumscribed by the necessary "mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." 418 U.S. at 556, 94 S.Ct. at 2975. Furthermore, although the court suggested that a prison disciplinary committee state its reason for denying the right to call a witness, it expressly declined to require this procedure. The court stated at 566, 94 S.Ct. at 2980, "Although we do not prescribe it, it would be useful for the Committee to state its reason for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases."

■ The Court has recently reaffirmed the position that there is no constitutional requirement for a prison disciplinary committee to state its reasons for denying a

particular witness. *Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). The court has left this matter to the sound discretion of state prison officials. The court finds no constitutional defect in petitioner's second hearing where he was denied the presence of a witness in solitary confinement and security was given as the reason for the denial. With regard to the two other hearings, the I.A.C. reports indicate that petitioner did not request the two witnesses which he claims to have requested. Indeed, the I.A.C. report of the July 8, 1976 hearing indicates that petitioner refused an offer of other witnesses and did not choose to submit written copies of the testimony of the foreman who was on vacation. However, we do not need to reach the issue of whether petitioner requested these witnesses because we hold that in this case there is no Due Process right to reasons from the I.A.C. for a denial of the right to call a particular witness. We leave that decision up to the sound discretion of state prison officials. We find no abuse of discretion on the facts of this case and find that petitioner's hearings were accompanied by proper procedural safeguards. However, while we are not prepared to require written reasons for the denial of a particular witness in every case, the court notes that such a procedure would be very helpful.

Petitioner's second allegation consists of a conclusory charge that respondents are harassing him and have formed a conspiracy to falsify his institutional record and to murder him. Respondent by way of affidavit denies petitioner's broad based charge. All the evidence in this case indicates that even if petitioner was verbally harassed, it was not a one-sided affair. This court had held many times that a claim of profane language and verbal harassment, without more, does not give rise to a constitutional deprivation. *Collins v. Haga,* 373 F.Supp. 923 (W.D.Va.1974). The court finds no special circumstances present in this case. Furthermore, the only evidence before the court to support petitioner's serious conspiracy allegation is the conclusory statement in his complaint. Petitioner in

his traverse to respondents' motion for summary judgment has failed to refute respondents' specific denial of any conspiracy with specific averments. For this additional reason, summary judgment is granted with respect to petitioner's conspiracy allegation. *Bowie v. Hamilton,* 541 F.2d 277 (4th Cir., 1976); *Kipps v. Ewell,* 538 F.2d 564 (4th Cir., 1976).

In his third allegation petitioner makes a broad charge that blacks are discriminated against both in the charging of violations and sentencing after I.A.C. hearings at Unit # 7. Respondents' characterize this allegation as conclusory in nature and deny any discrimination by way of affidavit. In his affidavit, G. K. Lewis, states that the population of Unit # 7 is 70% black and 30% white. Consequently he says that it merely appears that blacks are discriminated against, when in fact both are proportionally charged with institutional rule infractions and both are placed in isolation. Petitioner has failed to provide any factual support for his discrimination claim. In his traverse to the motion for summary judgment petitioner has failed to refute respondents' denial or allege specific instances of discrimination. Thus, the prison officials' denial of any discriminatory practice remains unchallenged. F.R.Civ.P. 56(e); *Bowie v. Hamilton, supra.* Therefore, the court grants respondents' motion for summary judgment on this claim.

In his fourth and final allegation petitioner claims that he has been forced to work in a "gun man" status while he is in trusty status. Respondent by way of affidavit states that Unit # 7 has at least two trustys on each road gang. One stays in the highway department yard while the other goes with the road gang and performs various errands. While it is doubtful petitioner's allegation raises a claim of constitutional magnitude we do not reach that issue since petitioner is now working on an all trusty road gang and his claim for injunctive relief is moot.

The court finds that there is no genuine issue as to any material fact and that re-

spondents are entitled to summary judgment as a matter of law on each of petitioner's claims.

The clerk is directed to send a certified copy of this opinion and judgment to the petitioner and to counsel for respondents.