Barbara M. CLARK, Plaintiff-Appellee,

v.

T.V. BEVILLE, Defendant-Appellant.

No. 83–8692.

United States Court of Appeals,
Eleventh Circuit.

April 23, 1984.

Oliver R. Hunter, Fred S. Clark, Savannah, Ga., for defendant-appellant.

John G. Hunter, Savannah, Ga., for plaintiff-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Barbara Clark filed this suit under 42 U.S.C. § 1983 for damages arising out of her arrest for disorderly conduct by Defendant T.V. Beville. Clark alleged that the arrest was unlawful, wanton, and without probable cause and that Defendant used excessive force in executing the arrest. A jury awarded Clark $40,000 actual damages and $10,000 punitive damages and Beville appeals. Finding that the evidence supports the verdict and the award of damages, we affirm.

Beville contends that the weight of the evidence does not support the jury's verdict. He asserts that his arrest of Clark was within the scope of his discretionary authority and was made in good faith. As a policeman, Beville is entitled to the defense of qualified immunity in this section 1983 action. *See, e.g., Barker v. Norman*, 651 F.2d 1107, 1120 (5th Cir.1981). However, Beville is shielded from liability for civil damages only insofar as his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Thus, the plaintiff can rebut Beville's immunity by showing that the defendant lacked good faith. *See Barker*, 651 F.2d at 1121; *Douthit v. Jones*, 619 F.2d 527, 534 (5th Cir.1980).

Beville does not dispute that it is clearly established that a police officer may not apply undue force in effecting an arrest or that a police officer may not arrest someone unless there exists probable cause to believe a crime has been committed. The issues presented to the jury in this case were whether a reasonable officer under similar circumstances would have had probable cause to believe that Clark committed the offense of disorderly conduct, *see Trejo v. Perez*, 693 F.2d 482, 487–88 (5th Cir.1982), and whether the degree of force used in relationship to the need presented was reasonable under the circumstances, *see Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir.1981). *See also Douthit*, 619 F.2d at 534.

Beville takes no exception to the jury instructions given in this case. Rather, his contention is that the jury erred in deciding that the defendant's actions were not reasonable and, therefore, not done in good faith. *See Barker*, 651 F.2d at 1121 (5th Cir.1981). "Where a jury has tried an issue upon correct instructions, the only inquiry is whether there was sufficient evidence to sustain the findings." *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 n. 6 (5th Cir.1978); *see also Patterson v. Belcher*, 302 F.2d 289, 297 (5th Cir.1962).

> A court may not substitute its findings for those of the jury unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable men could not arrive at a verdict to the contrary. If there is evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the jury function may not be invaded.

*Fairley v. American Hoist & Derrick Co.*, 640 F.2d 679, 681 (5th Cir.1981). On this record, a reasonable jury could have found that Beville did not act as a reasonable policeman would under similar circumstances. Therefore, the evidence was sufficient to sustain the verdict.[1]

---

1. Beville also argues that the district court erred in denying his motion for summary judgment. There were, however, issues of material fact as to the actions of Clark and Beville that precluded the entry of summary judgment. "If resolution of the issue in the summary judgment proceedings turns on what the defendant actually did, rather than on whether the defendant is immunized from liability for what he actually did, and if there are conflicting versions of his

Appellant also contends that the record is insufficient to support either an award of actual damages or an award of punitive damages. Our review of the excessiveness of the jury's verdict is limited to an examination of the plaintiff's injuries to determine whether the damage award is beyond the maximum possible award supported by the evidence in the record. *Keyes v. Lauga,* 635 F.2d 330, 336 (5th Cir.1981). The evidence indicated that Clark received injuries to her arm, wrist, and shoulder and experienced pain and suffering, and mental and emotional anguish. While the jury's award of $40,000 seems generous, we can not say that it is unsupported by the record, "so gross as to be contrary to right reason," or "a clear abuse of discretion with respect to assessment of damages." *See Bailey v. Southern Pacific Transportation Co.,* 613 F.2d 1385, 1390 (5th Cir.), *cert. denied,* 449 U.S. 836, 101 S.Ct. 109, 66 L.Ed.2d 42 (1980).

As to the punitive damages award, "[t]he general rule is that punitive damages may be imposed only if the defendant has acted willfully and with gross disregard for the plaintiff's rights." *Gore v. Turner,* 563 F.2d 159, 164 (5th Cir.1977). The imposition of punitive damages and the amount thereof are within the discretion of the jury. *Lee v. Southern Home Sites Corp.,* 429 F.2d 290, 294 (5th Cir.1970). If believed by the jury, plaintiff's evidence was sufficient to permit a reasonable jury to conclude that Beville acted willfully and with gross disregard for Clark's rights. *See Excel Handbag Co., Inc. v. Edison Brothers Stores, Inc.,* 630 F.2d 379, 384 (5th Cir.1980). Accordingly, we hold that the evidence supports the jury's verdict for actual and punitive damages.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

conduct, one of which would establish and the other defeat liability, then the case is inappropriate for summary judgment on the basis that the defendant did not engage in conduct violative of the plaintiff's rights." *Barker v. Norman,* 651 F.2d at 1123–24.

In addition, defendant's motion was not timely filed. Local Rule 6.8 of the Southern District of Georgia states that motions for summary judgment shall not be entertained unless the motion is made, filed, and served upon the opposing party within ten days of the notice to counsel setting a pretrial conference in the case. On March 28, 1983, the case was set for pretrial conference; defendant did not file his motion for summary judgment until May 2, 1983, well past the ten-day period mandated by the local rule.