**Joseph C. BOOKER, d/b/a Booker Trucking Company, Plaintiff-Appellant,**

v.

**CITY OF ATLANTA, a Municipal Corporation, F.M. Couvillion, Defendants-Appellees.**

No. 85–8070.

United States Court of Appeals, Eleventh Circuit.

Nov. 15, 1985.

Rehearing and Rehearing En Banc Denied Jan. 9, 1986.

---

Marva Jones Brooks, Malcolm J. Hall, George R. Ference, Atlanta, Ga., for defendant-appellee.

Before VANCE and HENDERSON, Circuit Judges, and DYER, Senior Circuit Judge.

PER CURIAM:

Two trucks in the possession of plaintiff Joseph Booker were repossessed while F.M. Couvillion, an Atlanta police officer who had accompanied Booker to the scene, stood by to keep the peace. Claiming that the repossession was wrongful, and that Couvillion's involvement amounted to a violation of procedural due process, Booker filed suit against Couvillion and the City of Atlanta under the fourteenth amendment and 42 U.S.C. § 1983. The district court granted defendants' motions for summary judgment. We reverse with respect to the city.

Either of two barriers could prevent Booker from recovering against the city. First, if Officer Couvillion's involvement at the repossession was nothing more than mere presence to prevent a breach of the peace, neither we nor the district court would have jurisdiction over this case. The requisite state action would be lacking. *See Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507 (5th Cir.), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980). Second, if Couvillion's actions were not taken pursuant to official city policy, practice, or custom, the city is immune from both an action brought under 42 U.S.C. § 1983, *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978), and a *Bivens* action based directly upon the fourteenth amendment, *Dean v. Gladney,* 621 F.2d 1331, 1334–37 (5th Cir.1980), *cert. denied,* 450 U.S. 983, 101 S.Ct. 1521, 67 L.Ed.2d 819 (1981).

Clifford H. Hardwick, Atlanta, Ga., for plaintiff-appellant.

■ Although either of these barriers might eventually prove fatal to Booker's claim, we conclude that summary judgment at this point is improper. Couvillion's involvement in the repossession at issue here was more extensive than that of the officers in *Menchaca*. In that case, the officers arrived at the scene and became involved only after a breach of the peace was threatened. Here, by contrast, Couvillion arrived with the repossessor. Even if a jury were to find that Couvillion did not actively assist with the repossession,[1] it nevertheless could find that Couvillion's arrival with the repossessor gave the repossession a cachet of legality and had the effect of intimidating Booker into not exercising his right to resist, thus facilitating the repossession. Even if unintended, such an effect could constitute police "intervention and aid" sufficient to establish state action. *See Menchaca*, 613 F.2d at 513; *Jeffries v. Georgia Residential Finance Authority*, 678 F.2d 919, 923 (11th Cir.) (state action may exist where government affirmatively facilitates or encourages private action), *cert. denied*, 459 U.S. 971, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982).

A jury might also find that Officer Couvillion's actions were in line with the city's usual practice in repossession cases. Although it is clear that the city's stated policy is to stay neutral in civil cases, including repossessions, its intention to remain neutral would not insulate the city from liability if its actual practice, even if well-intentioned, facilitates repossessions.

■ Summary judgment in favor of Couvillion, on the other hand, is justified. If Couvillion's actions were within the scope of his official duties, he is immune from suit if he acted under a good faith belief that the actions were legal. *See Clark v. Beville*, 730 F.2d 739 (11th Cir.1984); *Sellers v. United States*, 709 F.2d 1469 (11th Cir.1983). Couvillion properly alleged good faith in his answer and Booker has offered no evidence to rebut this claim.

The district court's entry of summary judgment in favor of the City of Atlanta is REVERSED; the entry of summary judgment in favor of defendant Couvillion is AFFIRMED.

---

1. Liability of the city, of course, could not be based on a finding of active assistance by Couvillion that was contrary to city policy.