**Ronald MESSICK and Trish Messick, Plaintiffs-Appellants,**

v.

**Alice LEAVINS, John Myers, in his individual capacity and in his official capacity as an employee of the City of Apalachicola, Bob McLaurin, in his individual capacity as an employee of the City of Apalachicola, and the City of Apalachicola, Defendants-Appellees.**

**No. 85–3402.**

United States Court of Appeals, Eleventh Circuit.

March 9, 1987.

Rehearing and Rehearing En Banc Denied April 23, 1987.

---

Edward S. Stafman, Tallahassee, Fla., for plaintiffs-appellants.

Patricia Guilday, Fred M. Johnson, Tallahassee, Fla., for defendants-appellees.

Before RONEY, Chief Judge, CLARK, Circuit Judge, and FAIRCHILD,* Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge:

Plaintiffs Ronald and Trish Messick, brought this action pursuant to 42 U.S.C. § 1983, against the City of Apalachicola and the individual defendants, alleging that they have been deprived of their property without due process of law. They have also brought two pendent state law claims. The district court granted judgment for defendants on the theory that the availability of a state law tort action provides due process. The pendent claims were dismissed. Plaintiffs appeal.

Viewed in the light most favorable to the plaintiffs, the facts are as follows: in 1981, plaintiffs purchased or obtained some type

---

* Honorable Thomas E. Fairchild, Senior U.S. Circuit Judge, for the Seventh Circuit, sitting by designation.

of interest in[1] a cypress barge in rough condition which had been located for many years on property owned by Apalachicola. Over the next two years the Messicks made significant repairs. After the barge was renovated, they planned to place their house trailer on it and live on the houseboat rent free. One or the other or both of the Messicks visited the barge on a regular basis.

In the fall of 1982, defendant McLaurin, Apalachicola's Superintendent of Public Works, defendant Myer, Apalachicola's City Planner, and defendant Leavins, the Executive Director of the Florida Seafood Festival, Inc., met to discuss plans for the City's annual seafood festival. It appears that they decided that the land on which the barge was located should be cleared for a "kiddie ride." Burning the barge was considered. Leavins then attempted to contact someone she thought might be the owner, but no further efforts were made by anyone to determine who owned the barge or to give notice of any kind that it was to be destroyed.

Myer testified that Leavins later told him that the barge was to be destroyed; he also stated that the City's policy was to leave the final decision of whether property was abandoned and worthless and should be disposed of to the individual in charge, in this case McLaurin. McLaurin testified that Leavins told him that she had permission from Myer to burn the barge and that a permit had been obtained. McLaurin and two City employees then burned the barge.

This lawsuit followed. The district court entered summary judgment for the defendants on the § 1983 claim, because "the *Parratt [v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)] doctrine does apply in cases of intentional takings ... plaintiffs cannot seek relief under section 1983 because there are adequate state remedies available." This count was dismissed with prejudice, and the pendent counts without prejudice.

Because the plaintiffs adequately pled a cause of action pursuant to § 1983 under *Parratt v. Taylor* and its progeny, we reverse the entry of judgment in favor of the defendants, and remand the case to the district court.

### I

■ The district court entered judgment for the defendants on the basis of "adequate state remedies" available to redress the plaintiffs' loss. However, as will be seen, the availability of a state tort action is irrelevant to a claim for deprivation of a protected interest which is carried out by persons acting under color of state law pursuant to an established procedure where predeprivation process is feasible.

■ Defendants do not contest the proposition that if the Messicks possessed an interest in the barge, it would be protectable as property within the meaning of the Due Process Clause. Instead, they simply argue that if a state law tort action is available to a plaintiff injured pursuant to state policy, then relief under § 1983 is precluded. However, as the decisions of the United States Supreme Court and of this Circuit make clear, the possibility of state redress does not, by itself, bar a federal action.

The "established state procedure" analysis has its genesis in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). There, an inmate sued prison officials for the negligent loss of his hobby materials. In holding that the plaintiff had failed to state a claim, the court reasoned that a state postdeprivation remedy provided all the process the plaintiff was due, because the "tortious loss of a prisoner's property as the result of a random and unauthorized act of a state employee ... is not a result of some established state procedure and the state cannot predict precisely when the loss will occur." *Id.* at 541, 101 S.Ct. at 1916. The Court noted that a postdeprivation remedy was also sufficient, for example, in cases of seizure and de-

---

1. Defendants deny that plaintiffs have any inter-   est in the barge.

struction of unwholesome food or drugs, and other situations, where

> [e]ither the necessity of quick action by the state or the impracticality of providing any meaningful predeprivation process, when coupled with the availability of some meaningful means by which to assess the propriety of the state's action at some time after the initial taking, can satisfy the requirements of procedural due process.

*Id.* at 540, 101 S.Ct. at 1915.

*Parratt* has recently been overruled "to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty or property under the Fourteenth Amendment." *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986).

In *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), the Court again emphasized that it is the infeasibility of predeprivation process, not the mere existence of a state remedy, that makes postdeprivation process constitutionally acceptable. In that case, the state procedures that effected the deprivation were tested against the requirements of due process, and found wanting.

> [A]bsent "the necessity of quick action by the State or the impracticality of providing any predeprivation process," a postdeprivation hearing here would be constitutionally inadequate.... That is particularly true where, as here, the state's only post-termination process comes in the form of an independent tort action.

*Id.* at 436, 102 S.Ct. at 1158.

Similarly, in *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984), the Court explained that "[t]he underlying rationale of *Parratt* is that when deprivations of property are effected through random and unauthorized conduct of a state employee, pre-deprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur." The Court explained that there is no logical distinction between neg-

ligent and intentional unauthorized acts, and therefore the employee's state of mind is irrelevant to the constitutional inquiry, which is "solely whether the State is in a position to provide for pre-deprivation process." *Id.,* 104 S.Ct. at 3204.

Thus, we have previously held that "where a deprivation occurs pursuant to an established state procedure, pre-deprivation process is ordinarily feasible." *Rittenhouse v. DeKalb County,* 764 F.2d 1451, 1455 (11th Cir.1985); *see also Gilmere v. City of Atlanta, Georgia,* 737 F.2d 894, 906 (11th Cir.1984), *overruled in part on other grounds,* 774 F.2d 1495 (11th Cir. 1985) *(en banc ).*

■ Within this framework, it is clear that plaintiffs in this case have adequately pled a cause of action under § 1983. They have alleged that their barge was burned under the authority of the City, as the result of a deliberate decision made and carried out by City employees and by one acting in concert with them. *Cf. Daniels v. Williams,* 106 S.Ct. at 663 (Due Process Clause not implicated by official negligent act). The defendants' argument that the Messicks challenge only the failure to follow Florida's statute regarding abandoned property misconceives the plaintiffs' position and the elements necessary to state a § 1983 claim. *See Logan,* 455 U.S. at 436, 102 S.Ct. at 1158; *Cleveland Bd. of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (answer to question what process is due not found in state law). Myer testified that it was Apalachicola's policy to leave to the individual in charge (in this case McLaurin) the decision that abandoned property was worthless, and then to destroy it in the most efficient manner without notice. Assuming *Parratt* stands for the proposition that a postdeprivation remedy may be adequate process where action is not within an established state procedure, it is clear that the defendants' action here was within an established state procedure.

Unlike the cases upon which the defendants mistakenly rely, there has been no argument that notice was not practicable

or feasible in this case. Indeed, Myer, McLaurin and Leavins discussed contacting the owners; Leavins then spoke briefly to the son of someone who might have owned the barge, but the defendants admit that no other steps were taken to notify the owners. Trish Messick testified that she regularly checked on the barge, and had been to it three days before the burning; thus, even a simple notice posted on the barge would have alerted the plaintiffs that it was to be destroyed. This failure to provide any predeprivation process is actionable. Although the plaintiffs did not prevail in the following cases, they were decided on grounds quite consistent with our analysis of the instant case: *Booker v. City of Atlanta*, 776 F.2d 272, 274 (11th Cir.1985) (if conduct of police officer regarding private repossession was contrary to City policy, plaintiff suffered no procedural due process violation); *Rittenhouse v. DeKalb County*, 764 F.2d at 1455 (predeprivation process not feasible where plaintiff injured in automobile accident on icy road negligently maintained by county); *Rymer v. Douglas County*, 764 F.2d 796, 803 (11th Cir.1985) (no cause of action stated where plaintiffs alleged that defendants wrongfully issued them a residential building permit on land incapable of supporting a septic system by failing to conduct appropriate tests and follow county regulations, because deprivation not occasioned by established state procedure and there was no contention that the procedures, if properly utilized, were inadequate); *Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir.1984) (claim insufficient where plaintiff's car was vandalized and its contents stolen while car was in police custody, because predeprivation process not feasible and damage not the result of state procedure).

■ Moreover, the individual defendants and the City are proper defendants here, and they have not argued to the contrary. The City employees clearly were acting under color of state law. *Thompson v. Bass*, 616 F.2d 1259, 1263–64 (5th Cir.1980). Because "an otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials

to deprive another of federal rights," *Tower v. Glover*, 467 U.S. 914, 920, 104 S.Ct. 2820, 2824, 81 L.Ed.2d 758 (1984); *see also Cobb v. Georgia Power Co.*, 757 F.2d 1248, 1250 (11th Cir.1985); *Scott v. Dixon*, 720 F.2d 1542, 1545 (11th Cir.1983), Leavins is also subject to suit.

■ Liability may also be imposed on Apalachicola because plaintiffs' property was destroyed pursuant to official City policy. Plaintiffs have alleged, and the defendants do not dispute, that the City Commissioners approved McLaurin's act. "If the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers, it surely represents an act of official government 'policy' as that term is commonly understood." *Pembauer v. City of Cincinnati*, — U.S. —, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986). Furthermore, as City policy left the final decision to McLaurin's discretion, his act may be said to represent official City policy. *Williams v. City of Valdosta*, 689 F.2d 964, 969 (11th Cir.1982); *Schneider v. City of Atlanta*, 628 F.2d 915, 920 (11th Cir.1980). "[W]hen execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury ... the government as an entity is responsible under § 1983." *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978).

## II

Finally, regarding the issue of plaintiffs' property interest in the barge, we have little doubt that they have shown an interest of sufficient weight so that defendants must be deemed to have deprived them of property without due process of law. *Cf. Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). We refrain from so holding definitively only because a good deal of proof as to the condition of the barge received as proof of damages will also illuminate the

nature and value of plaintiffs' efforts at improvement and the substance of their claim that they had acquired a property interest in the barge.

Accordingly, we REVERSE the judgment for the defendants and REMAND this case to the district court for proceedings not inconsistent with this opinion.