John PAYNE, as Administrator of the Estate of Virgil Payne; Sallie Payne, as Administrator of the Estate of Oscar Payne; and Sallie Payne, individually, Plaintiffs,

v.

COUNTY OF HUMBOLDT; the Estate of Gene Cox, By and Through its Administrator Shirley Cox, individually; Dan Bessette and Timothy McCollister, Defendants.

No. C–82–5190 EFL.

United States District Court, N.D. California.

March 18, 1987.

**1342**

Eric P. Schnurmacher, Oakland, Cal., for plaintiffs.

Clifford Mitchell, Mitchell, Dedekam & Angell, Eureka, Cal., for defendants.

ORDER

LYNCH, District Judge.

This action involves claims arising out of the death of Virgil Payne, who was shot three times and killed by a Humboldt County deputy sheriff. Before Mr. Payne died, two deputy sheriffs allegedly kicked him several times in the head. The complaint alleges causes of action under 42 U.S.C. section 1983 against the two deputy sheriffs involved in the incident, the former sheriff of Humboldt County, and the County of Humboldt. The case was tried to a jury. At the close of evidence, plaintiffs requested a jury instruction stating that the individual defendant deputy sheriffs have the burden of proving their defense of good faith at trial.

█ Police officers are entitled to assert a defense of qualified or "good faith" immunity from section 1983 liability if they reasonably believed in good faith that their actions were constitutional. *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir.1981), *cert. denied*, 459 U.S. 829, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982).

Plaintiffs claim defendants have the burden of proving the affirmative defense of good faith, i.e., the deputies must prove by a preponderance that they reasonably believed their actions were lawful. In support of this proposition, plaintiffs cite two Ninth Circuit cases which appear to so hold. However, the language in those cases, upon which plaintiffs rely, is merely dicta and is based upon a Fourth Circuit case which did not deal with the issue of allocation of the burden of proof.[1]

The first Ninth Circuit case relied upon by plaintiffs asserts, in a footnote: "Good faith is an affirmative defense which the police officer must prove." *Heller v. Bushey*, 759 F.2d 1371, 1373–74 n. 1 (9th Cir.1985), *rev'd on other grounds*, —— U.S. ——, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986). The *Heller* court cites *Harris v. City of Roseburg*, 664 F.2d 1121 (9th Cir.1981) for

---

1. In fact, the cases do set forth a statement of the law that on its face is correct. As discussed below, good faith is an affirmative defense and defendants do have the burden of proving their entitlement to the defense. However, once de- fendants prove their entitlement, the burden shifts to plaintiffs. The Ninth Circuit cases cited by plaintiffs do not deal with this shift of the burden of proof.

this proposition. The *Harris* court, in turn, cites *Kipps v. Ewell*, 538 F.2d 564, 566 (4th Cir.1976) as sole support for its statement that "good faith is an affirmative defense which must be proved by the police officer." *Harris*, 664 F.2d at 1129.

The *Kipps* case, however, contains no discussion of the burden of proof·issue. In *Kipps*, the court simply notes that police officers "may avail themselves of the defense of good faith and probable cause in a § 1983 action," and that it is "an affirmative defense which may be properly raised before a jury." 538 F.2d at 566. *Kipps* is therefore not proper authority for the Ninth Circuit's statements relating to the defendant's burden of proof under the qualified immunity defense, and we decline to follow a rule allocating the burden of proof to defendants on every aspect of the defense.

■ Instead, we adopt the analysis for determining the allocation of the burden of proof for qualified immunity set forth in *Barker v. Norman*, 651 F.2d 1107 (5th Cir.1981). Although defendants have the burden of raising and establishing their entitlement to the defense, once defendants have established their entitlement, the burden shifts to plaintiffs to show defendants lacked good faith. *Id.* at 1120; *see also Zeigler v. Jackson*, 716 F.2d 847 (11th Cir. 1983); *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir), *cert. denied*, 460 U.S. 1012, 103 S.Ct. 1253, 75 L.Ed.2d 481 (1982); *Baddour, Inc. v. United States*, 614 F.Supp. 159, 166 (D.Miss.1985); *McQurter v. City of Atlanta*, 572 F.Supp. 1401, 1415 (N.D.Ga.1983); *Reese v. York*, 571 F.Supp. 1046, 1049 (N.D.Tex.1983).

■ In order to establish entitlement to the defense, defendants must "demonstrate objective circumstances which would compel the conclusion that [their] actions were undertaken pursuant to the performance of [their] duties and within the scope of [their] authority." *Barker*, 651 F.2d at 1121.

■ Defendants in this case presented at trial uncontroverted evidence that the complained-of actions, the shooting and kicking of Virgil Payne, were undertaken pursuant to the performance of their official duties as deputy sheriffs of Humboldt County. The actions occurred while the deputies were attempting to apprehend decedent, a car theft suspect. The suspect allegedly grabbed an officer's gun during a scuffle that occurred after the officers attempted to effect an arrest. Therefore, this Court holds that, as a matter of law, defendants are entitled to claim official immunity. Accordingly, under the *Barker* analysis, the burden shifts to plaintiffs to show defendants lacked good faith.

The Supreme Court has articulated the standard to be used to establish a lack of good faith. Government officials performing discretionary functions are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 13 L.Ed.2d 396 (1982). The standard is the objective reasonableness of the officers' conduct. Even defendants who violate constitutional rights enjoy a qualified immunity that protects them from liability "unless it is further demonstrated that their conduct was unreasonable under the applicable standard." *Capoeman v. Reed*, 754 F.2d 1512, 1513 (9th Cir.1985) (quoting *Davis v. Scherer*, 468 U.S. 183, 190, 104 S.Ct. 3012, 3017, 82 L.Ed.2d 139 (1984)). In other words, defendants who act pursuant to their official duties may still be liable under section 1983 if they act unreasonably or in violation of clearly established laws.

Although it is clearly established that a police officer may not apply undue force in arresting a suspect, the issue to be presented to the jury in this case is whether the degree of force used in relationship to the need presented was reasonable under the circumstances. *See Clark v. Beville*, 730 F.2d 739, 740 (11th Cir.1984). As discussed above, we hold that plaintiffs have the burden of proof on this issue.

The rationale behind this allocation of the burden of proof was explained by the court in *Cruz v. Beto*, 603 F.2d 1178 (5th Cir. 1979):

If an official can show that [the] questionable actions were taken in the regular course of discharging his official duties ..., this policy affords him immunity from liability. To deny him qualified immunity protection unless he goes further and demonstrates that his actions were above the benchmark of legal good faith, would make the concept of qualified immunity a meaningless embellishment.

*Id.* at 1183.

Accordingly, plaintiffs' requested jury instruction, that defendants have the burden of proving good faith, is denied. Defendants in the present case are entitled to the defense as a matter of law. The burden of proof therefore shifts to the plaintiffs to establish that the immunity was breached because defendants were not acting in good faith.

IT IS SO ORDERED.