**SCHIAVONE CONSTRUCTION CO., a New Jersey Corporation, Plaintiff,**

v.

**Mario MEROLA, Individually and as District Attorney for the County of Bronx, New York, Defendant.**

**No. 84 CIV 6462 (LBS).**

United States District Court, S.D. New York.

Jan. 29, 1988.

Connell, Foley & Geiser, Roseland, N.J., for plaintiff; Theodore W. Geiser, of counsel.

Peter L. Zimroth, Corp. Counsel for the City of N.Y., New York City, for defendant; Doron Gopstein, Jonathan Pines, Tai Park, of counsel.

## OPINION

SAND, District Judge.

In this suit under 42 U.S.C. § 1983 against now-deceased Bronx District Attorney Mario Merola, individually and in his official capacity, the Defendant's representative has moved to dismiss. Plaintiff is Schiavone Construction Co., which was indicted in 1984 along with then-United States Secretary of Labor Raymond Donovan (a major stockholder in the company) on charges involving participation in organized crime. Schiavone and some of its employees were tried on these charges in 1986–87, and were acquitted.

Plaintiff's complaint asserts claims for violations of the Fourth, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments to the Constitution. At oral argument, Plaintiff advised the Court that all claims other than the Fifth, Sixth, and Fourteenth Amendment claims have been dropped. Furthermore, at oral argument Plaintiff chose to press only the issue of the violation of Plaintiff's right to a fair trial, arguing a due process violation only insofar as it related to "the interference with the fair trial," and specifically declining to argue any liberty violation. (*See* Transcript, Nov. 19, 1987, at 8.)

In essence, Plaintiff claims that it was denied due process and a fair trial in that District Attorney Merola, on several occasions prior to the trial, in bad faith, made false and inflammatory statements to the press about Schiavone Construction Co. and some of its employees. (No claim based on defamation, however, is asserted.) These statements allegedly made it appear that Schiavone and/or its employees were involved in organized crime, and referred to crimes for which the company was not in fact under indictment or investigation. The statements were published in *The Daily News Magazine* [New York] and on the nationally televised news program "60 Minutes," *inter alia.*

■ A state prosecutor is protected by absolute immunity from liability under 42 U.S.C. § 1983 for activities "intimately associated with the judicial phase of the criminal process," such as the initiation of a prosecution and the presentation of the state's case. *Imbler v. Pachtman,* 424 U.S. 409, 430–31, 96 S.Ct. 984, 994–95, 47 L.Ed.2d 128 (1976). Where a prosecutor acts in an investigative or administrative capacity, as in the dissemination of information to the press, he is protected only by a qualified "good faith" immunity. *Powers v. Coe (Powers I),* 728 F.2d 97, 103 (2d Cir.1984); *Taylor v. Kavanagh,* 640 F.2d 450, 452–53 (2d Cir.1981).

We agree with Plaintiff that the qualified immunity of the Defendant here does not provide a basis for dismissal of the complaint. "If the immunity [to suit under

§ 1983] is qualified, not absolute, the scope of that immunity will necessarily be related to facts not yet established either by affidavits, admissions, or a trial record." *Scheuer v. Rhodes*, 416 U.S. 232, 242–43, 94 S.Ct. 1683, 1689–90, 40 L.Ed.2d 90 (1974).

■ However, to sustain a 1983 action for deprivation of a fair trial because of prejudicial pre-trial publicity, a plaintiff must show: 1) that there were improper leaks, 2) that there was deprivation of a fair trial, and 3) that "other remedies were not available or were used to no avail to alleviate the effects of the leaks, e.g., a thorough voir dire, utilization of challenges both peremptory and for cause, ... a motion to change venue, and the like." *Powers v. Coe (Powers I), supra*, 728 F.2d at 105. As discussed below, we find that the Plaintiff here cannot show deprivation of a fair trial, and so the motion to dismiss is granted.

Plaintiff Schiavone asks us to take a metaphysical view of the concept of "fair trial," which would begin with the commencement of any criminal investigation procedures against a defendant. Plaintiff asserts that it was deprived of due process and a fair trial by virtue of the prejudicial pre-trial statements by District Attorney Merola, and that it should be recompensed for monetary expenses specifically attributable to the attempt to neutralize his comments and to prevent the tainting of the jury pool. It seeks compensatory and punitive damages based upon allegations that, in order to counteract the effects of the prejudicial publicity, it was forced to hire a public relations firm and to engage in a more extensive voir dire and a more intricate trial strategy than would otherwise have been required.

■ Even if we take such an expansive view of "fair trial," we are unable to find any constitutional violation here. As to whether the Plaintiff was accorded due process of law in its efforts to obtain a fair trial, the allegations do not suggest any procedural deficit other than the publication of prejudicial pre-trial information by the District Attorney. While we consider behavior such as that alleged here (if proven) to be highly reprehensible, we also recognize that safeguards exist to protect against the effects of potentially prejudicial publicity. The law has foreseen that the minds of all potential jurors may not be clean slates as to the charges against a criminal defendant, and for this reason it provides such remedies as voir dire, peremptory challenges and challenges for cause, and change of venue. *See Irvin v. Dowd*, 366 U.S. 717, 722–23, 81 S.Ct. 1639, 1642–43, 6 L.Ed.2d 751 (1961); *Powers v. McGuigan (Powers II)*, 769 F.2d 72, 76 (2d Cir.1985). The Plaintiff does not allege that it attempted to use such remedies and was prevented from doing so, or that these remedies were futile as a means of providing an impartial jury (as defined below) in its case. Rather it attempts to claim that such remedies are inherently unavailing to purge the process of malfunctions that may occur along the way. This is simply not the law.

■ As to the issue of whether the trial itself was fair, we agree with Judge Dalton of the Western District of Virginia that no denial of a fair trial can be shown where the plaintiff was acquitted of the crime charged. *Kipps v. Ewell*, 391 F.Supp. 1285, 1290 (W.D.Va.1975) (improper police conduct involving prejudicial pre-trial publicity did not result in denial of fair trial where defendant was acquitted), *aff'd*, 538 F.2d 564 (4th Cir.1976).[1] "The relevant question is ... whether the jurors at [the] trial had such fixed opinions that they could not judge impartially the guilt of the defendant." *Patton v. Yount*, 467 U.S. 1025, 1035, 104 S.Ct. 2885, 2891 81 L.Ed.2d 847 (1984). The right to a fair trial, in the context of prejudicial pre-trial publicity and the potential tainting of the jury pool, is satisfied where, by means of change of

---

**1.** *See also Sears v. City of Chicago*, No. 84 C 3678, slip op. (N.D.Ill., E.D., April 28, 1986) [Available on WESTLAW, 1986 WL 5209] ("As [Plaintiff] was acquitted at trial, his right to a

fair trial obviously was not compromised under [the] standard [for ineffective assistance of counsel].").

venue, voir dire, lapse of time between the publicity and the trial, and/or other factors, an impartial jury has been selected.[2] We find that the constitutional standard, which posits "that a juror is impartial only if he can lay aside his opinion and render a verdict based on the evidence" (*id.* at 1037 n. 12), is by definition met where the jurors have acquitted the defendant.[3] (This must necessarily be true unless the pre-acquired opinion was that the defendant was innocent, in which case there was still no violation of the defendant's constitutional rights.)

Although it may cost more to achieve the goal of obtaining an impartial jury where there was prejudicial pre-trial publicity (*e.g.,* costs associated with change of venue, extra litigation time spent on voir dire, or even the employment of public relations expertise), if the result was indeed an impartial jury, we can find no violation of the right to a fair trial and therefore no federal constitutional basis for the recovery of the added costs.

We note Judge Lumbard's concurrence in *Martin v. Merola,* 532 F.2d 191, 196 (2d Cir.1976), which states that "improper pre-trial publicity [by a prosecutor] endanger[s] a fair trial and may constitute a denial of due process," and suggests that the "extra burden" of the expense of remedial actions such as change of venue should be recoverable in federal court in a suit under § 1983. We believe, however, that the Second Circuit, speaking more recently on the issue in *Powers v. Coe (Powers I), supra,* 728 F.2d 97, requires, both for fair trial and for due process claims, that the pleadings allege facts that would actually constitute the denial of a fair trial (and also that they allege that specific remedies were attempted and were unavailing). In the absence of con-

trolling precedent to the contrary, we find that there was no violation of due process where the defendant was allowed to and did take actions ensuring that a fair trial ensued.

What the Plaintiff is seeking here is a prophylactic rule that will prevent the sort of trial in the media prior to trial in court that Plaintiff alleges here. While we, too, believe the conduct alleged here (if proven) to be harmful to the criminal justice system as a whole, we feel that existing sanctions, if properly invoked and effectuated, should be a sufficient deterrent to inflammatory prosecutorial rhetoric. It is fundamental that, in order to recover damages in a § 1983 action, a plaintiff must show a deprivation of a constitutional right. *Rosenberg v. Martin,* 478 F.2d 520, 524 (2d Cir.), *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973); *cf. Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (injury to reputation alone is not cognizable under the United States Constitution, and cannot support a claim under 42 U.S.C. § 1983). We find no constitutional violation here, and therefore the motion to dismiss is granted.

SO ORDERED.

---

**2.** *See, e.g., Rosenberg v. Martin,* 478 F.2d 520, 525–26 (2d Cir.) (In a § 1983 action against a police officer alleged to have made multiple false and prejudicial statements to influence public opinion against a criminal defendant, the lapse of time between the publicity and the trial, and an effective voir dire of the jury panel, resulted in a fair trial even where the criminal defendant was convicted.), *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973).

**3.** *Cf. United States v. Ferguson,* 758 F.2d 843, 853 (2d Cir.) (The claim that defendants were denied a fair trial in that the district judge was biased against a certain defense attorney was "belied by the fact that the defendant represented by that lawyer was acquitted."), *cert. denied sub nom. Baraldini v. United States,* 474 U.S. 841, 106 S.Ct. 124, 88 L.Ed.2d 102, *Odinga v. United States,* 474 U.S. 841, 106 S.Ct. 125, 88 L.Ed.2d 102, and *Ferguson v. United States,* 474 U.S. 1032, 106 S.Ct. 592, 88 L.Ed.2d 572 (1985).