**Johnny HUNTER, Petitioner,**

v.

**FLORIDA PAROLE & PROBATION COMMISSION, Respondent.**

No. 81–5536
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 30, 1982.

Bruce Sperry, Jacksonville, Fla. (Court-appointed), for petitioner.

Malcolm S. Greenfield, Fla. Parole & Probation Commission, Tallahassee, Fla., for respondent.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM:

The appellant, Johnny Hunter, filed a pro se petition for the writ of habeas corpus, 28 U.S.C.A. § 2254, in which he contended that the Florida Parole and Probation Commission violated his right to due process by improperly calculating his presumptive parole release date. Acting upon a recommendation of the magistrate, the district court dismissed the action for the reason that the Florida parole statutes create no constitutionally protected liberty interest.

The due process clause of the Fourteenth Amendment applies when government action deprives a person of liberty or property. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979). While there is no inherent or constitutional right to conditional release before the expiration of a valid sentence, a state may create a protectible liberty interest in the establishment of a parole system. *Id.* at 12, 99 S.Ct. at 2106. The former Fifth Circuit has held, however, that no liberty interest in parole was created by the Florida statutes. *Staton v. Wainwright*, 665 F.2d 686 (5th Cir. 1982). We agree.

Accordingly, we hold that the petition was properly dismissed as there was no deprivation of a federally protected right.

AFFIRMED.