Billy Dwight CONEY,
Plaintiff-Appellant,

v.

Mr. and Mrs. Ainsworth SMITH, Det.
Douglas Mundy,
Defendants-Appellees.

No. 83–5407
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 13, 1984.

Billy Dwight Coney, pro se.

Kenneth B. Drucker, Lee A. Kraftchick, Miami, Fla., for Dade Co. and Douglas.

Before HILL and ANDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This appeal presents two issues that merit the consideration of this Court. In the first, Coney alleges in his § 1983 complaint that, although he pleaded guilty and was convicted on the basis of such plea and did not appeal therefrom, he alleges that his conviction was illegal because it was based on an illegal arrest and illegal search of his car. The trial court determined that the plea of guilty entered by Coney stood as a bar under the doctrine of collateral estoppel to the § 1983 action. It is not quite so simple. In *Haring v. Procise*, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983), the Supreme Court specifically held that a defendant convicted on a guilty plea in state court is not precluded from seeking recovery of damages under § 1983 for alleged Fourth Amendment violations *that were never considered in state proceedings*. 462 U.S. at ___, 103 S.Ct. at 2378. (emphasis added). In a case involving very similar issues, *Harvin v. City of Miami*, 719 F.2d 405 (11th Cir., 1984), this Court

remanded the case in light of *Haring.* However, it appears that Coney litigated the issue of illegality of arrest and search prior to his plea of guilty. Although the state court proceedings on the suppression issue were not made a part of the record before the district court, we may take judicial notice of the same. *Moore v. Estelle,* 526 F.2d 690, 694 (5th Cir.1976). *Haring,* therefore, does not apply.

■ The second issue relates to the claim that Coney's automobile was seized and held for six months by the defendant, that the car was vandalized by the time it was returned and that his tape player, amplifier, speakers and several pieces of silver jewelry had been stolen. The state answers this contention correctly, we think, under the doctrine of *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) and *Palmer v. Hudson,* —— U.S. ——, 104 S.Ct. 3194, 82 L.Ed.2d 393. Since there are available remedies under the state law for the recovery of damages for property improperly seized, even though intentionally seized by the authorities, Coney may not recover under a § 1983 claim. At ——, 104 S.Ct. at 3205.

The judgment is AFFIRMED.