[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15021
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2005
THOMAS  K. KAHN
CLERK

D.C. Docket No. 04-02275-CV-BBM-1

CRAIG COOK,

                                        Plaintiff-Appellant,

        versus

THURBERT BAKER,
JAMES DONALD, et al., in their
individual capacity of his/her duties,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

(June 23, 2005)

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

        Craig Cook, a Georgia state prisoner, appeals <u>pro</u> <u>se</u> from the district court

order dismissing as frivolous his 42 U.S.C. § 1983 action because Cook's claim attacks his conviction and the duration of his sentence rather than the conditions of his confinement and thus should have been filed pursuant to 28 U.S.C. § 2254. Construed liberally, Cook seems to be challenging the propriety of his conviction and sentence as well as the parole board's retroactive application of a policy allegedly requiring Cook to serve ninety percent of his punishment.

Under 28 U.S.C. § 1915A, the district court shall review, as soon as possible, a prisoner's complaint in a civil action against a government entity to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a),(b). Because §§ 1915A(b)(1) and 1915(e)(2)(B)(i) both require the district court to review a prisoner's civil complaint and dismiss the case if it finds the claims frivolous, it stands to reason that the standard of review is the same under both provisions.[1] Thus, because we review for abuse of discretion a district court's decision to dismiss a complaint, brought in forma pauperis, as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), we will also review for abuse of discretion the district court's dismissal of a complaint

---

[1] The difference between the two statutes is that § 1915A applies to all civil complaints filed by prisoners, whereas § 1915(e)(2)(B)(i) is applicable only if the prisoner has been granted leave to proceed IFP. Compare 28 U.S.C. § 1915A(a) and § 1915(a), (e)(2).

as frivolous under 28 U.S.C. § 1915A.  See Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002), cert. denied, 124 S.Ct. 1038 (2004).  Moreover, an action is considered frivolous if it is "without arguable merit either in law or fact."  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A state prisoner seeking to challenge his conviction or confinement files a "petition for writ of habeas corpus" pursuant to § 2254.  28 U.S.C. § 2254(a). Claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983. Nelson v. Campbell, 541 U.S. 637, ___, 124 S.Ct. 2117, 2122, 158 L.Ed.2d 924 (2004); see also Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").  Thus, a civil rights action under § 1983 is the appropriate relief when a state prisoner constitutionally challenges the conditions of his confinement, but not the fact or length of his incarceration.  Preiser, 411 U.S. at 499, 93 S.Ct. at 1841.

An action under § 2254 may be filed in either "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2441(d); see also Dobard v. Johnson,749 F.2d 1503, 1504 (11th Cir. 1985) (noting that a state prisoner may file a petition for habeas corpus in the federal judicial district in which he is in custody or in the district in which the court that convicted and sentenced him was located).

The district court properly dismissed Cook's 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915A because Cook's exclusive remedy for his claim is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254 since his claim challenges the propriety of his conviction and sentence, as well as the execution of his sentence, rather than the conditions of his confinement.[2]

For the above stated reasons, the district court's dismissal of Cook's complaint is affirmed.

**AFFIRMED.**[3]

---

[2] Cook's argument assailing the Georgia Board of Pardons and Parole's adoption of the "90%" policy adopted in 1997, and applied retroactively, has been rendered moot by the Board's decision abandon the policy. See News Release, Georgia Board of Pardons and Parole, March 10, 2005.

[3] Cook's motions for entry of default judgment and summary judgment are denied.