[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2009
THOMAS K. KAHN
CLERK

No. 08-15324
Non-Argument Calendar
_____

D. C. Docket No. 05-61243-CV-KAM

WILLIAM HENRY ROBINSON,

Plaintiff-Appellant,

versus

MICHAEL J. SATZ, State Attorney,
GERARD WILLIAMS, Assistant State Attorney,
JIMMIE L. HENDRY, Chairman of
Parole Commission,
M. DAVID, Assistant Chairman
of Parole Commission,
F. B. DUMPHY, Assistant Chairman of Parole,
SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 28, 2009)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

William Henry Robinson, a Florida prisoner proceeding pro se, appeals the district court's judgment dismissing his complaint for failure to state a claim. We affirm.

## I.

Robinson has been incarcerated since 1973 and is serving a life sentence for murder. In his first complaint, Robinson alleged that at one time he had been approved for work release, possessed gain-time credits, and expected to be paroled in 1998. However, after the state attorney informed the Parole Commission that the woman Robinson killed had also been raped, Robinson's parole was denied and his work release privileges were suspended. Robinson argued that because he was never convicted of rape, the Parole Commission relied on false information to deny him parole and his privileges. He also asserted that he was erroneously listed on Florida's sex offender website, which stigmatized him.

Robinson brought all of these claims in 2005. The district court dismissed his lawsuit sua sponte for failure to state a claim. Robinson appealed. See Robinson v. Satz, 260 Fed. Appx. 209 (11th Cir. 2007). We affirmed the dismissal of Robinson's claim that he was improperly denied parole and that his work release

2

and gain-time privileges were wrongfully taken away.  Robinson, 260 Fed. Appx. at 211–13 (holding that the loss of work-release and gain-time was not actionable under 42 U.S.C. § 1983 and that Robinson could "not state a due process claim simply by making a 'conclusory allegation' regarding the use of false information by a parole board.").  We also held that Robinson had stated a claim by alleging that he had been publicly listed on the Florida sex offender website without receiving procedural due process.  Id. at 213 ("An inmate who has never been convicted of a sex crime is entitled to due process before the state declares him to be a sex offender," quoting Kirby v. Siegelman, 195 F.3d 1285, 1292 (11th Cir. 1999)).[1]  Accordingly, after affirming the dismissal of Robinson's parole, work release, and gain-time claims, we vacated the dismissal of his sex-offender designation claim and remanded that claim alone to the district court.  Robinson, 260 Fed. Appx. at 213.

On remand, Robinson filed an amended complaint asserting that we had misunderstood his original claim about being listed as a sex offender.  Robinson denied and disavowed any claim that he had ever been listed on Florida's sex offender website.  Instead, he claimed that he had been stigmatized by having "false sex offense information" aired about him in the private documents and

---

[1] We also noted that if Robinson was not actually listed on the public website, summary judgment in favor of the state would be appropriate.  Robinson, 260 Fed. Appx. at 213 n.2.

internal websites of the Florida Department of Corrections and the Florida Parole Commission.

In light of Robinson's amended complaint, a magistrate judge issued a report and recommendation finding that Robinson had admitted that he was not listed on any public website as a sex offender. Therefore, Robinson disavowed his only claim that had survived dismissal— the claim that he had been publicly stigmatized for being a sex offender without due process. See Kirby, 195 F.3d at 1292. Further, the magistrate judge found that Robinson's real reason for bringing the amended complaint was that he wanted his parole and work release privileges, which he believed had been improperly taken away because of the rape allegations. In sum, by dropping his claim for stigmatization and reiterating his claims for parole and work release privileges, Robinson simply restated claims that had already been dismissed. See Robinson, 260 Fed. Appx. at 213. The district court adopted the magistrate judge's report and recommendation and dismissed Robinson's amended complaint for failure to state a claim. This is Robinson's appeal.

## II.

We "review de novo a district court's sua sponte dismissal for failure to state a claim, pursuant to § 1915(e)(2), using the same standards that govern Federal

4

Rule of Civil Procedure 12(b)(6) dismissals." Farese v. Scherer, 342 F.3d 1223, 1230 (11th Cir. 2003). We accept all facts alleged in the complaint as true and construe the allegations in the light most favorable to the plaintiff. Kirby, 195 F.3d at 1289.

Robinson's most recent complaint and brief simply restate claims that we already rejected in Robinson, 260 Fed. Appx. at 213. "Under the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision in the same case." Alphamed, Inc. v. B. Braun Med., Inc., 367 F.3d 1280, 1285–86 (11th Cir. 2004). Accordingly, we will not address Robinson's assertion that allegations of rape improperly cost him a chance at parole, work release, and gain-time.

The only ground on which this case was remanded was Robinson's claim that he had been stigmatized by being listed on Florida's sex offender website. But now Robinson admits that he is not listed on that or any other public website as a sex offender. Therefore, the district court properly dismissed his amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

**AFFIRMED.**