[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13538
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cv-01034-WKW-WC


TIMOTHY W. TARVER,

Plaintiff-Appellant,

versus

SIBLEY G. REYNOLDS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 31, 2020)

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

The appellant Timothy Tarver is a disabled veteran.[1]  He receives disability payments from the Department of Veterans Affairs.  A few years ago, he and his wife divorced.  When dividing the marital assets, the appellee Judge Sibley Reynolds ordered that he pay part of his disability benefits to his former wife. Tarver refused, arguing that federal law protects his benefits from marital-asset division.  But Judge Reynolds disagreed and affirmed his ruling several times. Tarver, in turn, appealed the ruling through Alabama's court system several times. And Alabama appellate courts affirmed Judge Reynolds at every step of the way.

Sometime later, Tarver filed this action in the Middle District of Alabama. He claimed that Judge Reynolds violated his federal rights, entitling Tarver to damages, declaratory relief, and injunctive relief under 42 U.S.C § 1983.  The district court disagreed; it dismissed his claims under the *Rooker-Feldman* and judicial-immunity doctrines.  We agree and affirm the district court.

**I.**

We review the dismissal of a case for failure to state a claim de novo.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  We do the same when reviewing a district court's application of the *Rooker-Feldman* and judicial-immunity doctrines.

---

[1] Since Tarver appeals the district court's dismissal of his complaint, we have accepted the facts alleged in his complaint as true.  *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  We also take judicial notice of the relevant state-court proceedings discussed in this opinion.  *See Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984).

*Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069 (11th Cir. 2013);

*Scarbrough v. Myles*, 245 F.3d 1299, 1302 (11th Cir. 2001).

## II.

First, *Rooker-Feldman*.  The *Rooker-Feldman* doctrine bars federal district

courts from hearing "cases brought by state-court losers complaining of injuries

caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments."

*Lozman*, 713 F.3d at 1072.[2]  The doctrine applies to claims litigated in state court,

including federal claims.  *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir.

2009) (per curiam).  It also applies to claims "inextricably intertwined" with a state

court's judgment.  *Id.*  A federal-court claim is inextricably intertwined with a

state-court judgment if the district court's grant of relief would "effectively

nullify" the state-court judgment or if the claim "succeeds only to the extent that

the state court wrongly decided the issues." *Id.*

The district court was right that the *Rooker-Feldman* doctrine bars most (if

not all) of Tarver's claims.[3]  Tarver repeatedly argued in state court that Judge

Reynolds lacked jurisdiction under federal law to divide his disability benefits.  He

---

[2] The doctrine stems from the Supreme Court opinions defining its boundaries.  *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923).

[3] There is at least an argument that *Rooker-Feldman* does not bar Tarver's procedural-due-process claim.  But, as discussed in Part III, even if that claim does survive *Rooker-Feldman*, it cannot pierce Judge Reynolds's absolute judicial immunity.

makes the same argument here. But Judge Reynolds repeatedly rejected this claim. And Alabama's appellate courts repeatedly affirmed Judge Reynolds's ruling. Success in this lawsuit hinges on whether those courts were wrong. So his federal claims are inextricably intertwined with the state-court judgment. *See id.* Dismissal under *Rooker-Feldman* was appropriate.

### III.

Next, judicial immunity. "Few doctrines [are] more solidly established" than the doctrine of judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Judicial immunity shields judicial officers from damages flowing from acts taken while administering their judicial duties. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam). The immunity is absolute: It "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Judicial immunity applies when two circumstances are met. First, the complained-of action must have occurred while the judge was acting within the judicial role. *See Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985) (en banc) (per curiam). Second, the judge must not have taken the action in the clear absence of all jurisdiction. *See id.* This second circumstance refers to subject-matter jurisdiction. *See id.* at 947–950. Subject-matter jurisdiction concerns "the classes of cases . . . falling within a court's adjudicatory authority." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). Said differently, subject-matter jurisdiction concerns only the "*power*

to adjudicate" a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). For this reason, the lack of a valid "cause of action does not implicate subject-matter jurisdiction." *See id.* And Alabama grants circuit courts subject-matter jurisdiction to divorce couples and divide property. *See* Ala. Code §§ 30-2-1(a), 30-2-51.

Alongside judicial immunity from damages, judges also receive protection from declaratory and injunctive relief. To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable. *See* 42 U.S.C. § 1983. In addition, there must also be an "absence of an adequate remedy at law." *Bolin*, 225 F.3d at 1242. A state appellate process is an adequate remedy at law. *Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005) (per curiam).

Turning to this case, Tarver does not suggest that Judge Reynolds acted outside the judicial role. Instead, he disputes only the second prong of judicial immunity—he claims that Judge Reynolds lacked all jurisdiction to divide Tarver's disability benefits in his divorce proceeding. But Tarver is incorrect—Judge Reynolds had subject-matter jurisdiction over Tarver's case. Indeed, Alabama grants circuit courts jurisdiction over divorce proceedings. *See* Ala. Code §§ 30-2-1(a), 30-2-51. So Judge Reynolds had subject-matter jurisdiction over the proceeding—*i.e.*, the "*power* to adjudicate the case." *See Steel Co.*, 523 U.S. at 89.

5

And declaratory and injunctive relief is also improper, because there is no suggestion that Judge Reynolds violated a declaratory decree, and because Tarver has an adequate remedy at law: appeal through the state-court system. *See Bolin*, 225 F.3d at 1242; *Sibley*, 437 F.3d at 1074. For these reasons, Judge Reynolds has absolute immunity from Tarver's claims for damages, declaratory relief, and injunctive relief.

**AFFIRMED**.