IN THE DISTRICT COURT OF THE UNITED STATES 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

HASALEE MIMS, #126911, ) 
 ) 
 Plaintiff, ) 
 ) 
 v. ) CIVIL ACTION NO. 2:20-CV-254-WHA 
 ) 
KAY IVEY and FOB JAMES, et.al., ) 
 ) 
 Defendants. ) 

 ORDER 
 This 42 U.S.C. § 1983 action is before the court on a complaint filed by Hasalee 
Mims (“Mims”), a state inmate currently incarcerated on fifteen-year sentences imposed 
upon him in 2014 by the Circuit Court of Tuscaloosa County, Alabama for violations of 
the Alabama Community Notification Act (“ACNA” or “the Act”), Ala. Code 1975 § 15-
20-1 et seq. (1975, as amended) (repealed), which occurred prior to July 1, 2011.1 In this 
complaint, Mims contends that enactment and application of the ACNA to him violated 
numerous rights, privileges and immunities afforded him by the Constitution and laws of 
the United States. It is therefore clear that the claims presented by Mims necessarily go to 
the fundamental legality of his convictions for violating the ACNA and the sentences 

1The court obtained the information regarding Mims’ convictions and sentences from the public records of 
the Alabama Department of Corrections and the case action summaries of the Circuit Court of Tuscaloosa 
County, Alabama maintained by the Alabama Trial Court System (hosted, respectively, at 
http://www.doc.state.al.us/inmatehistory and www.alacourt.com). As permitted by applicable federal law, 
the court takes judicial notice of these records. See Keith v. DeKalb Cnty., 749 F.3d 1034, 1041 n.18 (11th 
Cir. 2014) (“We take judicial notice of [the state’s] Online Judicial System.”) (citing Fed. R. Evid. 201) 
(providing that “[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . 
. . can be accurately and readily determined from sources whose accuracy cannot reasonably be 
questioned.”)); see also Coney v. Smith, 738 F.2d 1199, 1200 (11th Cir.1984). 
imposed for such convictions on which he is now incarcerated. Mims seeks a judgment 
from this court “declaring [the] Alabama Sex Offender Act . . . illegal and 
unconstitutionally enacted[.]” Doc. 1 at 4. Mims also requests monetary damages for the 
time he has been subjected to the provisions of the ACNA both while living in the free-
world and during his incarceration for violations of the Act. Doc. 1 at 29. Mims names 

Kay Ivey, the Governor of the State of Alabama, and Fob James, a former governor, as 
defendants. 
 On May 26, 2020, the Magistrate Judge entered a Recommendation that this case 
be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) 
as Mims presents claims which, in essence, challenge the fundamental validity of his 

convictions and confinement and, therefore, provide no basis for relief at this time in the 
instant cause of action. Doc. 5 at 8. As set forth in the Recommendation, this determination 
is premised on well-settled law. Specifically, 
 . . . Heck [v. Humphrey, 512 U.S. 477 (1994)] and its progeny bar Mims’ use 
 of any federal civil action, other than a petition for habeas corpus relief under 
 28 U.S.C. § 2254, to mount what constitutes, by the nature of its claims, a 
 collateral attack on the validity of his convictions and sentences for violation 
 of the ACNA. Heck, 512 U.S. at 489 (“We do not engraft an exhaustion 
 requirement upon § 1983, but rather deny the existence of a cause of action. 
 Even a prisoner who has fully exhausted [all] available state remedies has no 
 cause of action under § 1983 unless and until the conviction or sentence is 
 reversed, expunged, invalidated, or impugned by the grant of a writ of habeas 
 corpus.”); Abella v. Rubino, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) (“Heck 
 clarifies that Preiser is a rule of cognizability, not exhaustion.”). Hence, the 
 claims presented by Mims questioning the legality of the ACNA are not 
 cognizable in this civil action as a ruling in favor of Mims on these claims 
 would necessarily imply the invalidity of his convictions and attendant 
 sentences under this Act. It is clear that the convictions imposed upon Mims 
 for his violation of the ACNA have not been invalidated in an appropriate 
 proceeding. Thus, the claims presented in the instant complaint provide no 
 basis for relief at this time and, as such, are subject to summary dismissal 
 under 28 U.S.C. § 1915(e)(2)(B)(ii). 

Doc. 5 at 7–8. 
 On June 19, 2020, the court received an objection to the Recommendation of the 
Magistrate Judge from Mims challenging the summary dismissal of this case. Doc. 8. 
In his objection, Mims asserts the Recommendation did not address the merits of his 
challenge to the ACNA as violative of the Commerce Clause. Doc. 8 at 2 (arguing, in 
general, the United States Congress “bribed” state legislatures to pass laws regarding 
registration of sex offenders by the threat of withholding federal highway funds). Mims 
further argues he should be allowed to proceed in this 42 U.S.C. § 1983 action on the 
merits of each of his claims challenging the constitutionality of his convictions and 
sentences as he has, in his opinion, shown violations of his constitutional rights. Doc. 
8 at 2–8. 
 Upon review of the objection, the undersigned finds the assertions contained therein 
entitle the plaintiff to no relief from the Recommendation. In sum, applicable federal law 

directs that “habeas corpus is the exclusive remedy for a state prisoner who [presents] 
challenges to the fact or duration of his confinement . . ., even though such a claim may 
come within the literal terms of § 1983.” Heck, 512 U.S. at 481; Edwards v. Balisok, 520 
U.S. 641, 645 (1997) (holding that the “sole remedy in federal court” for a prisoner whose 
claims challenge the constitutionality of his incarceration on a conviction and sentence of 

a state court is a petition for writ of habeas corpus); Robinson v. Satz, 260 F. App’x 209, 
212 (11th Cir. 2007) (alterations in original) (“Later, in Wilkinson v. Dotson, 544 U.S. 74, 
125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in 
this area and summarized that ‘a state prisoner’s § 1983 action is barred (absent previous 
invalidation [of his conviction or sentence])—no matter the relief sought (damages or 
equitable relief), no matter the target of the prisoner’s suit (state conduct leading to 

conviction or internal prison proceedings)—if success in that action would necessarily 
demonstrate the invalidity of confinement or its duration.’ Id. at 81–82, 125 S.Ct. at 
1248.”); Cook v. Baker, et al., 139 F. App’x 167, 169 (11th Cir. 2005) (holding that the 
“exclusive remedy” for a state inmate’s claim challenging the basis for or validity of his 
incarceration “is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]”); Okoro 

v. Callaghan, 324 F.3d 488, 490 (7th Cir. 2003) (noting Heck directs that a state inmate 
“making a collateral attack on his conviction . . . may not do that in a civil suit, other than 
a suit under the habeas corpus statute.”). “[A] claim either is cognizable under § 1983 and 
should immediately go forward, or is not cognizable and should be dismissed.” Balisok, 
520 U.S. at 649. Since success on Mims’ claims challenging the validity of his convictions 

and the sentence on which he is now incarcerated would necessarily imply the invalidity 
of his confinement, these claims are not cognizable in a 42 U..S.C. § 1983 action at this 
time and summary dismissal of this case was therefore appropriate. Accordingly, it is 
ORDERED that: 
 1. The plaintiff’s objection is OVERRULED. 

 2. The Recommendation of the Magistrate Judge is ADOPTED. 
 3. This case is DISMISSED without prejudice prior to service of process in 
accordance with the provisions of 28 U.S.C. § 1915 (e)(2)(B)(ii) as the claims presented in 
the complaint provide no basis for relief in the instant cause of action at this time. 
 A separate Final Judgment will be entered. 
 DONE this 24th day of June, 2020. 

 /s/ W. Harold Albritton 
 SENIOR UNITED STATES DISTRICT JUDGE