[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13690

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

REGINALD THEOTIS GATES,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cr-00087-WS-MU-1

_____

Before ROSENBAUM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Appellant Reginald Gates appeals his 188-month sentence for four counts of possession with intent to distribute a controlled substance.

He argues that the district court erred in sentencing him as a career offender under the Sentencing Guidelines, *see* U.S.S.G. § 4B1.1, based on two prior controlled-substance convictions, committed in 2005 and 2008, respectively. He asserts that, because of a state first-time offender law, his sentence for the 2005 offense was imposed on the same day as his sentence for the 2008 offense. So in Gates's view, the two sentences must be treated as a single sentence, meaning Gates lacks the "two prior felony convictions" necessary to qualify as a career offender. Because the two offenses were separated by an intervening arrest, though, the district court properly counted the two sentences separately. We therefore affirm Gates's sentence.

## I.

Gates pled guilty to an indictment charging him with four counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), including methamphetamine, fentanyl, and amphetamine. Before sentencing, the probation office prepared a presentence investigation report ("PSR"), containing recommended guideline calculations.

In the PSR, the probation officer recommended finding that Gates qualified as a career offender under U.S.S.G. § 4B1.1 because, among other things, he had at least two prior felony convictions of either a crime of violence or a controlled-substance offense. The PSR did not directly specify the qualifying prior offenses.  But the parties agree that the proposed enhancement was based on two Georgia convictions for drug distribution, which the PSR outlined.

First, in August 2005, Gates was arrested for several offenses including possession with intent to distribute methamphetamine. According to the PSR, the state court convicted Gates of these offenses in February 2006 and imposed a custody sentence that was "suspended for probation."  The PSR further indicates that Gates's probation was revoked on October 2, 2018, and that he was sentenced to two years in custody.

Second, in January 2008, Gates was arrested for possessing cocaine with intent to distribute.  According to the PSR, he was convicted of that offense on September 26, 2008, and sentenced to serve five years in custody.

In his objections to the PSR and at sentencing, Gates argued that the career-offender enhancement should not be applied based on a policy memorandum that the U.S. Attorney General issued. But he did not object to the PSR's description of or reliance on these two offenses to impose the career offender enhancement.

At a sentencing hearing in October 2023, the district court adopted the PSR's factual statements and guideline calculations, including the career offender enhancement, and then imposed a

sentence of 188 months, at the low end of the guideline range. Gates appeals.

## II.

For the first time on appeal, Gates argues that he lacks two predicate offenses to qualify as a career offender because he was sentenced for both offenses on the same day by the same judge. In support, he has submitted state-court records which, he concedes, are "not part of the record on appeal."[1]

These state-court records indicate that Gates's guilty plea to the August 2005 offense was accepted under Georgia's First Offender Act, *see* O.C.G.A. § 42-8-60, which meant the court withheld adjudication of guilt at that time and instead placed Gates on probation. Then, after Gates committed the January 2008 offense, state prosecutors also sought to revoke Gates's probation. The state court addressed both matters at the same hearing in September 2008. After convicting and sentencing Gates on the 2008 offense, the court vacated his first-offender status on the 2005 offense

---

[1] We will generally not consider evidence that was not submitted before the district court. *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1170 (11th Cir. 2006). Nor have we allowed supplementation where, as here, "a party has failed to request leave of this court to supplement a record on appeal or has appended material to an appellate brief without filing a motion requesting supplementation." *Jones v. White*, 992 F.2d 1548, 1567 (11th Cir. 1993). Of course, we may take judicial notice of certain state-court records. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–52 (11th Cir. 2020); *Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984). But here, even if we were to consider Gates's state court records, he is not entitled to relief from his sentence.

and resentenced him to serve two years in custody, with the sentence backdated to February 2006.[2]

### III.

Generally, "[w]e review a district court's interpretation and application of the Sentencing Guidelines *de novo*, and review its factual findings for clear error." *United States v. Elliot*, 732 F.3d 1307, 1310 (11th Cir. 2013). The district court may base its findings of fact on undisputed statements in the presentence investigation report. *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006). The district court's determination that a defendant qualifies as a career offender under § 4B1.1 is a question of law that we typically review *de novo*. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006).

But we review for plain error when sentencing issues are raised for the first time on appeal. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Under the plain-error standard, a defendant must prove that (1) error occurred, (2) that error was plain, and (3) it affected his substantial rights. *United States v. Malone*, 51 F.4th 1311, 1319 (11th Cir. 2022). Only if the defendant can satisfy all three prongs do we then have discretion to correct the error if it "(4) seriously affected the fairness of the judicial proceedings." *Id.*

---

[2] It therefore appears the PSR is incorrect about the date of resentencing for the 2005 offense, and that it took place on September 26, 2008, rather than October 2, 2008.

Here, we review for plain error only, as Gates did not object at sentencing to the district court's determination that his 2005 and 2008 drug offenses counted separately as career-offender predicate convictions.

Under the Sentencing Guidelines, a defendant is a career offender if (1) he was at least 18 years old at the time he committed the instant offense; (2) that offense is a felony and either a crime of violence or a controlled-substance offense; and (3) he has at least "two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

For the defendant's "two prior felony convictions" to qualify as predicate convictions for the career-offender provision, the sentences for the two convictions must be counted separately for criminal-history category purposes under § 4A1.1. U.S.S.G. § 4B1.2(c). According to the rules for counting prior sentences,

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2).  In other words, prior sentences imposed on the same day are treated as a single sentence only "[i]f there is no intervening arrest."  *See id.*  Thus, the inquiry into "whether the underlying offenses are separated by an intervening arrest . . . is preliminary to any consideration of consolidated sentencing." *United States v. Hunter*, 323 F.3d 1314, 1322–23 (11th Cir. 2003) (addressing a former version of § 4A1.2).

Gates maintains that his prior sentences should be treated as a "single sentence" because the state court sentenced Gates on the 2008 offense on the same day that it vacated his first-offender status and resentenced him on the 2005 offense.  In short, he says § 4A1.2(a)(2)(B) covers his situation.  Gates is mistaken.  And to his credit, he concedes that in his reply brief.

Here, the district court did not err, plainly or otherwise, by counting Gates's sentences for the 2005 and 2008 offenses separately under § 4A1.2.  Undisputed facts in the PSR show that an intervening arrest separated Gates's offenses.  *See Bennett*, 472 F.3d at 832.  According to the PSR, Gates was arrested for the first offense in August 2005, well before he committed the second offense in January 2008.  Because Gates was "arrested for the first offense prior to committing the second offense," there is an intervening arrest in this case.  U.S.S.G. § 4A1.2(a)(2).  And when an arrest intervenes, "[p]rior sentences always are counted separately," even if the sentences were imposed on the same date in a consolidated sentencing.  *Id.*; *see Hunter*, 323 F.3d at 1322–23.

That result also "accords with the policy behind the Guidelines that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." *United States v. Elliot*, 732 F.3d 1307, 1313 (11th Cir. 2013) (quotation marks omitted). And Gates does not otherwise contend that his prior convictions do not qualify as predicate offenses. *See, e.g.*, *United States v. Bates*, 960 F.3d 1278, 1293 (11th Cir. 2020) (holding that Georgia convictions for possession with intent to distribute controlled substances qualify as career-offender predicate convictions).

In sum, because an intervening arrest separates Gates's two state offenses, the district court properly counted them separately for purposes of classifying him as a career offender under § 4B1.1. *See* U.S.S.G. § 4A1.2(a)(2). Although he now concedes as much, Gates suggests for the first time in his reply brief that the court should have varied from the guideline range, citing its advisory nature. But this challenge comes too late, and we will not consider it. *See United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984) ("Arguments raised for the first time in a reply brief are not properly before the reviewing court.").

For these reasons, we affirm Gates's sentence.

**AFFIRMED.**